IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

FRANCES RENEE MILLER/PERRY,
ADC #708998                                                        PLAINTIFF

v.                              1:09CV00065BSM/HLJ

DONALD ANDERSON, et al.                                           DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court

Judge Brian S. Miller.    Any party may serve and file written objections to this

recommendation. Objections should be specific and should include the factual or legal basis

for the objection. If the objection is to a factual finding, specifically identify that finding and

the evidence that supports your objection. An original and one copy of your objections must

be received in the office of the United States District Court Clerk no later than eleven (11)

days from the date of the findings and recommendations. The copy will be furnished to the

opposing party.    Failure to file timely objections may result in waiver of the right to appeal

questions of fact.

If you are objecting to the recommendation and also desire to submit new, different,

or additional evidence, and to have a hearing for this purpose before the District Judge, you

must, at the same time that you file your written objections, include the following:

1

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

By Order dated January 12, 2010 (DE #5), this Court granted plaintiff's application to proceed in forma pauperis in this lawsuit filed pursuant to 42 U.S.C. § 1983. However, finding plaintiff's complaint too vague and conclusory to enable the Court to determine whether it was frivolous, malicious, or failed to state a claim, the Court directed plaintiff to amend his complaint. Plaintiff has now filed an amended complaint (DE #7).

Pursuant to 28 U.S.C. §§ 1915A(a) and 1915A(b)(1),(2), the Court is required to screen complaints seeking relief against an officer or employee of a governmental entity, and

2

must dismiss a complaint if the claims raised are legally frivolous, malicious, fail to state a claim or seek monetary relief from a defendant immune from such relief.    An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, ___, 127 S.Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915A(b)(2), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In her original complaint, plaintiff named several individuals as defendants in the caption, but failed to include specific allegations against most of those individuals in the body of her complaint.  In the Court's January 12, 2010 Order, the Court directed plaintiff to more clearly state her allegations, including the name of each individual personally involved, how that individual was involved and how that individual violated plaintiff's constitutional rights.  In her amended complaint, however, plaintiff again fails to include any allegations against defendants Correctional Medical Services, Inc., and Marry Matthews/Decker. Therefore, the Court finds that these defendants should be dismissed from plaintiff's complaint for failure to state a claim for relief.  Accordingly,

IT IS, THEREFORE, ORDERED that defendants Correctional Medical Services, Inc., and Mary Matthews/Decker are DISMISSED from plaintiff's complaint, for failure to state a claim.

IT IS SO ORDERED this 22nd day of February, 2010.

*Henry L. Jones, Jr.*
United States Magistrate Judge