**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

FRANCES RENEE MILLER/PERRY,
ADC #7-8998                                                                                              PLAINTIFF

1:09-cv-00065-JTK

DONALD ANDERSON, et al.                                                                      DEFENDANTS

**MEMORANDUM AND ORDER**

**I. Introduction**

This matter is before the Court on the Motion for Summary Judgment filed by separate Defendant Lavonda Dunavion (Doc. No. 49). Plaintiff filed a Response to the Motion (Doc. No. 56), and Defendant filed a Motion to Deem Admitted the Statement of Indisputable Material Facts (Doc. No. 62).

Plaintiff is a state inmate incarcerated at the McPherson Unit of the Arkansas Department of Correction (ADC). She filed this action against Defendants pursuant to 42 U.S.C. § 1983, alleging Eighth Amendment violations of deliberate indifference to her serious medical needs. Specifically with respect to Defendant Dunavion, Plaintiff alleges in her Amended Complaint, "On February 18, 2008 Defendant [Lavandra K. Dunavion] was delibertly (sic) dening (sic) me [showers and rec]." (Doc. No. 7, p. 2). Plaintiff asks for monetary and injunctive relief from all Defendants.

## II. Summary Judgment

### A. Defendant's Motion

In support of her Motion, Defendant states Plaintiff's claim against her should be dismissed for failure to state a claim and for failure to exhaust her administrative remedies, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. In addition, Defendant states she is protected by sovereign immunity from liability in her official capacity for money damages, and by qualified immunity from liability in her individual capacity for money damages.

With respect to her defense of failure to state a claim, Defendant states she did not deny Plaintiff a shower on February 18, 2008, because she did not work on that date. (See Doc. No. 52-2, Affidavit of the Unit's Human Resource Manager, Melinda Howard, who states Defendant did not work on February 18, 2008).

With respect to the exhaustion defense, Defendant states Plaintiff filed one grievance concerning the February 18, 2008 incident which did not name Defendant, and she did not fully exhaust the grievance procedure beyond the Warden's Response. (Doc. No. 51-3). Defendant cites to case law requiring complete exhaustion of all administrative remedies prior to filing suit, and she attaches the Affidavit of Tiffanye Compton, the Inmate Grievance Supervisor for the ADC, who states she found no grievances filed by Plaintiff complaining about Defendant on February 18, 2008. (Doc. No. 51-5). In addition, Ms. Compton states the grievance Plaintiff filed about the September 18, 2008 incident, MCP-08-00291, was not exhausted beyond the Warden's decision. Defendant also attaches a copy of the ADC

grievance procedure in effect at the time, AD 07-03, which outlines procedures for inmates to follow in filing and appealing grievances (Doc. No. 51-6).

### B. Plaintiff's Response

Plaintiff states Defendant denied access to showers on more than one occasion. She also states she did not appeal the grievance beyond the Warden's response, because the grievance was resolved in her favor.

### C. Standard of Review

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, according to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In Booth v. Churner, 532 U.S. 731, 741(2001), the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." In addition, in Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000), the Court held that "the statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" In Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003), the Court held that "under the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." (Emphasis in original). Finally, in Jones v. Bock, 549 U.S. 199, 218 (2007) the Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."

    **D.**    **Analysis**

According to the ADC Grievance Procedure, AD 07-03, the "grievance must specifically name the individual involved" and the inmate "must fully exhaust the grievance

prior to filing a lawsuit.  Inmates who fail to name all parties during the grievance process may have their lawsuit or claim dismissed...for failure to exhaust against all parties." AD 07-03 IV.C.4.   In addition, Section IV.N, entitled "Prison Litigation Reform Act Notice," further explains that the PLRA requires exhaustion "as to all defendants at all levels of the grievance procedure before filing a Section 1983 lawsuit."

Having reviewed the grievance, together with the briefs and exhibits, the Court finds Plaintiff failed to exhaust her administrative remedies with respect to Defendant Dunavion, because she did not specifically name Defendant in the grievance as required by the grievance procedure.

Therefore, the Court finds dismissal of Plaintiff's claim against Defendant to be mandatory, as set forth in Johnson v. Jones, 340 F.3d at 627.  Accordingly,

IT IS, THEREFORE, ORDERED that the Motion for Summary Judgment filed by Defendant Dunavion (Doc. No. 49) is GRANTED, and Plaintiff's claim against Defendant is DISMISSED without prejudice.

IT IS FURTHER ORDERED that Defendant's Motion to Deem Admitted the Statement of Indisputable Material Facts (Doc. No. 62) is DENIED as moot.

IT IS SO ORDERED this 14th day of October, 2010.

_____
   JEROME T. KEARNEY
   UNITED STATES MAGISTRATE JUDGE